## ALLEN FISK *versus* MOSES B. CHANDLER.

A conveyance of land upon a condition that, unless the grantee should make certain payments, the deed shall be " void, so far as to make good any non-fulfilment of said conditions," will, after a breach of the condition, entitle the grantor to recover possession, and to hold the property as a pledge or mortgage, till the condition be performed.

THIS was a writ of entry, demanding one undivided half of premises described.

Demandant read a deed from himself to the tenant, dated January 20, 1847, conveying to the tenant the demanded premises on condition.

The condition, in substance, was that unless Chandler should perform certain specified acts, " the deed was to be *null and void, so far as to make good any non-fulfilment of said conditions.*"

The things which, by said condition, were to be performed by Chandler, were that he should pay five certain notes, which Fisk had given to one Wing, made payable at successive periods, and secured by a mortgage, so that neither the said Fisk or his heirs, executors, administrators or assigns should have any cost or trouble, on account of said notes or mortgage, and also pay two other specified small notes made by Chandler to Fisk.

*James R. Bachelder,* testified, that he purchased the mortgage and four of the notes named in the deed; and agreed with the defendant to extend the payday if the plaintiff had no objections to it.

Afterwards, and after the first of said four notes became payable, the plaintiff paid it. Witness told him of the conditional agreement made with the defendant.

The defendant afterwards paid the balance due on the mortgage, and it was discharged.

Defendant read a deed from Fisk to Lewis Chase, of same date as mortgage, conveying all his interest in the premises.

It was admitted that Chase gave back at the same time a bond to Fisk to reconvey on certain terms, and that Chase

released his interest to Chandler on the back of the deed, Fisk to Chandler.

*Christopher C. Spear,* testified, that in the fall of 1847, he went with plaintiff to defendant, — plaintiff took out two notes and told defendant, Bachelder had called on him and he had taken up the notes; — defendant asked how much he paid; plaintiff said $121; defendant said, "I suppose I can have them by paying it;" plaintiff said "I will negotiate about it," and they parted. Afterward went with plaintiff, and when on the land named in deed, he said he entered on the estate for condition broken, — and plaintiff notified defendant that he had taken possession of the shops. This was the 20th of Nov. In defence, was read deed of mortgage named in condition of first deed, dated May 16, 1845, securing five notes of $100 each, payable each yearly in succession.

*James Young* testified, that he heard a conversation in Oct. or Nov. 1847, between the plaintiff and defendant; plaintiff said he had obtained money and taken up two notes, — had done it for the purpose of obtaining a division of the shops and a settlement.

*Bradbury Sylvester* testified, that plaintiff last fall, or first of winter, said he was in hopes he should get defendant off the premises before long.

The cause was submitted for the decision of the Court.

*May,* for plaintiff.

*Morrell,* for defendant.

On plaintiff's own showing, he had parted with the entire estate, both legal and equitable.

The conditions are conditions subsequent, and are to have the force and effect of such.   4 Kent's Com. 125, 5th ed; 5 Pick. 528; *Simonds* v. *Simonds,* 3 Metc. 528; 5 Wend. 338; Bac. Abr. b. 1, title Condition, 629.

The provisions, "to redeem the premises by paying the note and mortgage," invested the defendant with equities, and imposed upon him liabilities such as were vested in and imposed upon the mortgager, to redeem the estate.

The provision does not require the defendant to pay the notes or the mortgage, at maturity.

The fair interpretation of the language of the condition is, that defendant would so comply with its terms, in such proper manner and at such seasonable time, that the plaintiff should not, unavoidably, suffer damage, " on account of said mortgage and notes."

The case does not disclose such facts as show a *neglect or failure*, to perform the conditions.   *Hodgboom* v. *Hall*, 24 Wend. 146.

The case does not find that Fisk was forced into " costs or trouble," but on the contrary, he voluntarily paid the note to Bachelder.

The condition in the deed is not absolute, and does not render the deed void absolutely.

A condition which determines the estate in part only, leaving it valid for the residue, is void.    4 Black. Com. 122, in note; Bac. Abr. Condition, letter o.

SHEPLEY, C. J. — The demandant, on May 16, 1845, conveyed certain premises in mortgage to Benjamin C. Wing, to secure the payment of five promissory notes of $100 each, one of them payable yearly.    At the same time he conveyed all his remaining interest therein to Lewis Chase, who gave him a bond obliging himself to reconvey upon certain conditions.

On January 20, 1847, the demandant by deed of that date, conveyed one half of the same premises, with certain reservations, to the tenant upon certain conditions to be hereafter noticed, and Lewis Chase, by a release made upon the back of the same deed, relinquished all his title and interest in the premises conveyed to the tenant.    That deed contained a clause providing, that the tenant should redeem the premises mortgaged to Wing by paying the notes mentioned in the mortgage, which remained unpaid, " so that neither the said Allen Fisk or his heirs, executors, administrators or assigns shall have any cost or trouble on account of said notes or

mortgage." The conditional clause also required the payment of certain other notes. The conclusion was in the following words, " then the foregoing deed is to be and remain good and valid, otherwise it is to be null and void so far as to make good any non-fulfilment of the above conditions."

Four of the notes, and the mortgage made to Wing, were by him assigned to James R. Bachelder, the note first payable had been mostly paid. The one, which next became payable, was not paid at maturity, and Bachelder called upon the demandant and tenant to pay it and agreed with them to wait a fortnight longer. When that time expired he agreed with the tenant to wait until February then next, if the demandant had no objection to it. After this the demandant inquired of Bachelder, if the tenant had taken up the note and was informed that he had not; and was informed of the agreement to wait till February, to which he made answer, that if the tenant had not paid it, he should. He afterward in the latter part of September paid the note, and subsequently informed the tenant that he had taken up the note and shew it to him. The tenant said, I suppose I can have it by paying it, to which the demandant replied, I will negotiate about it. They then separated. After this time, on November 20, the demandant entered upon the premises in presence of a witness stating, that he entered on the estate for condition broken, and then notified the tenant that he had taken possession. There was a small balance due on the note previously payable, which constituted a part of the same arrangement and payment.

The release made by Chase to the tenant operated merely to extinguish his title; and if the title of the tenant or his right of possession be forfeited by his omission to perform the condition, and by the entry of the demandant for condition broken, the title or right of possession will revest in the demandant.

The conveyance to the tenant was made upon a condition subsequent. If he did not perform it, his title or right of possession, so far as the condition required, would be avoided by the entry made for that purpose. The intention of the

parties in making that condition was to secure the payment of the notes named in the mortgage, without cost or trouble to the maker. It might be important to him, that the tenant should not receive the income of the estate and permit the notes to remain unpaid and the accruing interest on them to accumulate.

If that part of the condition be regarded as a mere contract of indemnity, to save the demandant harmless from those notes, he would be entitled to pay what had become due and been demanded of him. One, who has a contract of indemnity against a claim upon him, may after payment maintain an action upon it.

If there were no limitation to the annulment of the title by an omission to perform the condition, the case would be determined by the application of well settled principles. That limitation was evidently not intended to destroy the effect of the condition or to prevent the demandant from obtaining possession of the premises, as security for indemnification. The intention appears to have been to empower him in such case to hold the premises as a pledge or mortgage. That intention may be carried into effect by the application of the rules of law and equity, which this Court can administer.

*Judgment for demandant.*